UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY R. POLK,

    Plaintiff,

v.

    Case No. 12-10648

    Honorable Patrick J. Duggan

COUNTRYWIDE FINANCIAL
CORPORATION, COUNTRYWIDE
HOME LOANS, BAC HOME LOANS
SERVICING, LP, and BANK OF
AMERICA CORPORATION,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 19, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On December 29, 2011, Larry Polk ("Plaintiff") filed this action, asserting violations of state law in connection with the denial of his request for a loan modification. Presently before the Court is a motion to dismiss the Complaint, filed on April 23, 2012 by Bank of America, N.A. ("Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The matter has been fully briefed, and the Court heard oral argument on June 27, 2012. For

---

[1] The Complaint misidentifies Bank of America, N.A. as "Bank of America Corporation." Bank of America, N.A. is the successor by merger to the remaining named defendants.

reasons set forth below, the Court grants Defendant's motion.

## I. Factual and Procedural Background

On April 25, 2005, Plaintiff obtained a loan in the amount of $216,000 from Argent Mortgage Company, LLC. As security for this loan, Plaintiff executed a mortgage on real property located at 19520 Stratford Road in Detroit, Michigan. Defendant serviced this loan, which was eventually sold to another lender.

Plaintiff later began having difficulty making the scheduled payments. In a letter dated April 9, 2010, Defendant offered Plaintiff a three-month trial loan modification under the federal government's Home Affordable Modification Program ("HAMP"). *See* Pl.'s Br. Ex. 1, Dkt. #12. Under this plan, Plaintiff would make three monthly payments of $1,860 instead of his regular monthly mortgage payments. He was also required to provide Defendant with certain documents necessary to determine his eligibility for a permanent loan modification. *Id.* Plaintiff signed the letter and returned it on or about April 27, 2010. Plaintiff asserts that he submitted the requested documents and made each of the three trial period payments by their respective due dates. Compl. ¶ 26.

Defendant subsequently informed Plaintiff that his loan would not be permanently modified, based on Plaintiff's failure to provide certain additional documents. Pl.'s Br. 5. Foreclosure proceedings were instituted, and on July 27, 2011, the home was sold at a sheriff's sale to Wells Fargo Bank N.A., as trustee for the certificate holders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-WCW2. The statutory redemption period expired on January 27, 2012, and Plaintiff has not redeemed the property.

Plaintiff filed this action on December 29, 2011 in Wayne County Circuit Court. His Complaint asserts the following claims: breach of contract (Count I); breach of the implied covenant of good faith and fair dealing (Count II); negligence (Count III); gross negligence / intentional tort (Count IV); and "declaratory relief and injunction" (Count V). Defendant removed the suit to this Court, and has now moved to dismiss the Complaint pursuant to Rule 12(b)(6).

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S. Ct. at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

**A. Breach of Contract**

Count I, entitled "Breach of Contract," asserts that Defendant is required to service Plaintiff's mortgage loan in a reasonable manner. Plaintiff cites a consent order published by the Office of the Comptroller of the Currency indicating that Defendant had engaged in unsafe and unsound banking practices related to loan servicing. Compl. ¶¶ 15-18. The Complaint continues:

> 19. This action is brought to remedy unlawful acts and practices by Defendants in servicing loans for borrowers who are seeking to save their homes.
>
> 20. Defendants have made various representations to borrowers about their mortgage loans that are false or lack a reasonable basis.

*Id.* ¶¶ 19-20.

"Under Michigan law, the elements of a breach of contract claim are the following: (1) a contract existed between the parties, (2) the terms of the contract required performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury." *Green Leaf Nursery, Inc. v. Kmart Corp.*, 485 F. Supp. 2d 815, 818 (E.D. Mich. 2007) (citing *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 718 (E.D. Mich. 2005)). Count I fails to identify a breach of the contract between the parties in this case. Plaintiff has not indicated that this is a class action suit. Nor has he alleged that he was harmed by Defendant's conduct with respect to other borrowers. Count I fails to assert a plausible basis for finding that Defendant is liable to Plaintiff for its alleged misconduct.

In his response brief, Plaintiff argues that the allegations of Count I are sufficient to support a claim of fraud. Pl.'s Br. 3-4. The Court disagrees. Fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993)). Count I fails to identify any specific false representation concerning Plaintiff's loan. The general assertion that "Defendants have made various representations to borrowers about their mortgage loans that are false or lack a reasonable basis," Compl. ¶ 20, is insufficient to satisfy Rule 9's heightened pleading standard.

5

**B. Loan Modification**

Plaintiff asserts that Defendant breached an agreement to modify his loan. He points to a letter in which Defendant offered him a three-month trial loan modification, as well as an accompanying document entitled "Home Affordable Modification Trial Period Plan." *See* Pl.'s Br. Ex. 1. Plaintiff argues that Defendant entered into an enforceable agreement to provide him with a permanent loan modification, so long as he: (1) timely made the three payments required by the Trial Period Plan; and (2) submitted all of the documents requested by Defendant. Plaintiff alleges that he satisfied both conditions. Compl. ¶ 26.

Defendant argues that Michigan's statute of frauds bars this claim, because Plaintiff has failed to present a signed writing containing the alleged promise to modify his loan. The statute of frauds provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Michigan Compiled Laws § 566.132(2). The closing of the trial modification letter reads: "Loan Modification Team, Bank of America Home Loan Servicing, LP." This could arguably satisfy the statutory requirement of "an authorized signature by the financial institution." The Court need not resolve this question, however, because it does not appear

that the agreement required Defendant to permanently modify Plaintiff's loan.

Plaintiff argues that the trial loan modification agreement obligated Defendant to permanently modify his loan once he made the three trial period payments and returned the requested documents. Statements in the trial modification letter and in the accompanying documents indicate otherwise. The third paragraph of the letter provides:

> In the next few days, you will receive a package with additional details and documents that we will need returned to us so we can complete the three-month trial modification process and *determine your eligibility for the permanent modification of your loan*. There are no fees associated with this program. *If we determine that you are not eligible for a permanent modification under the Home Affordable Modification Program, we will contact you and review other options*.

Pl.'s Br. Ex. 1 at 1 (emphasis added). This plainly contemplates a review by Defendant to determine whether Plaintiff qualifies for the requested loan modification. The four-page document entitled "Home Affordable Modification Trial Period Plan" also indicates that Defendant is entitled to review Plaintiff's submissions and either approve or deny the requested permanent loan modification. The second paragraph of this document provides in pertinent part:

> I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

Pl.'s Br. Ex. 1 at 7. Furthermore, Section 2 of the "Home Affordable Modification Trial Period Plan" includes the following provision:

> F. If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this

7

> Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

Pl.'s Br. Ex. 1 at 9. These statements all clearly indicate that Plaintiff's submission of trial period payments and documents does not obligate Defendant to permanently modify the loan. Defendant is entitled to review these submissions and approve or deny the request. Defendant denied Plaintiff's request, Compl. ¶¶ 26-28, and it is undisputed that Defendant did not return an executed copy of the Trial Period Plan to Plaintiff. The Court therefore concludes that Plaintiff's allegations fail to establish a breach of an enforceable contract.

At oral argument, Plaintiff cited a provision that he believes obligated Defendant to permanently modify his loan. The first sentence of the "Home Affordable Modification Trial Period Plan" reads as follows:

> If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage.

Pl.'s Br. Ex. 1 at 7. While this provision does not specifically describe further review by Defendant, it refers to sections that do. It states that Defendant will provide a modification agreement "as set forth in Section 3." Section 3, which describes the process for executing the permanent loan modification agreement, mandates Plaintiff's compliance with "the requirements in Section 2." Pl.'s Br. Ex. 1 at 9. Section 2, in turn, includes paragraph F, which is cited by the Court above and provides for a review by Defendant prior to granting

8

a permanent loan modification. The Trial Period Plan may not be a model of clarity, but it does not obligate Defendant to permanently modify Plaintiff's loan without further review.

Even if the Court were to accept Plaintiff's interpretation of the cited provision, his reading of the contract as a whole does not accord with Michigan's principles of contract interpretation. "[C]ourts must . . . give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v. United Ins. Grp. Agency, Inc.*, 468 Mich. 459, 468, 663 N.W.2d 447, 453 (Mich. 2003). Plaintiff's reading of the agreement would nullify provisions that allow Defendant to determine his eligibility for a permanent loan modification. The Court must instead "strive to harmonize apparently conflicting terms or clauses." *Wonderland Shopping Ctr. Ltd. P'ship v. CDC Mortg. Capital, Inc.*, 274 F.3d 1085, 1092 (6th Cir. 2001) (citing *Fresard v. Mich. Millers Mut. Ins. Co.*, 414 Mich. 686, 694, 327 N.W.2d 286, 289 (Mich. 1982)). Here, the conflicting provisions could be harmonized by finding that the loan would not be permanently modified unless: (1) Plaintiff complied with the conditions of the Trial Period Plan; and (2) Defendant approved the request to modify the loan. Under this interpretation of the agreement, Defendant's actions would not constitute a breach. The Court concludes that Plaintiff has failed to set forth a plausible breach of contract claim relating to a permanent loan modification.

## C. Breach of the Implied Covenant of Good Faith and Fair Dealing

In Count II, Plaintiff asserts that Defendant breached the implied covenant of good faith and fair dealing by failing to modify Plaintiff's loan under the HAMP program. In his response brief, Plaintiff concedes that there is no private right of action under HAMP.

9

Pl.'s Br. 7 (citing *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010)). It is not clear from Plaintiff's response brief, however, whether he agrees to dismiss Count II in its entirety. Count II does not cite a breach of an agreement other than the HAMP agreement between Defendant and the government. To the extent that Plaintiff alleges a breach of the "Home Affordable Modification Trial Period Plan," the Court has already concluded that this claim fails.

Plaintiff's discussion of this count claims violations of Michigan's loan modification statute, Michigan Compiled Laws § 600.3205a *et seq*.[2] *See* Pl.'s Br. 7. If Plaintiff claims a breach of the implied covenant of good faith and fair dealing based on violation of Michigan's loan modification statute, his claim fails as a matter of law. The implied covenant relates to the performance of contractual duties. *See Flynn v. Korneffel*, 451 Mich. 186, 213 n.8, 547 N.W.2d 249, 260 n.8 (Mich. 1996). The Court is unaware of any authority indicating that a violation of a statute implicates the implied covenant of good faith and fair dealing; such a violation would instead entitle a plaintiff to remedies under the statute itself. The statute here creates a remedy for an aggrieved borrower, as it allows the borrower to convert the proceeding into a judicial foreclosure. *See* Michigan Compiled Laws § 600.3205c(8). Plaintiff did not avail himself of that remedy before the sheriff's sale was held, and courts in the Eastern District of Michigan have held that this statute cannot be used to set aside a completed foreclosure sale. *See Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 U.S. Dist. LEXIS 90226, at *12 (E.D. Mich. Aug. 10,

---

[2] The Court notes that these allegations are not set forth anywhere in the Complaint.

2011); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 U.S. Dist. LEXIS 18357, at *29 (E.D. Mich. Feb. 24, 2011).

Count II also includes the allegation that Defendant failed to provide Plaintiff with a notice of the sheriff's sale. Compl. ¶ 35. Even accepting this as true, the Court finds that Plaintiff has failed to set forth a plausible claim for relief. Under Michigan law, a sheriff's sale may be set aside based on defective notice only if the plaintiff demonstrates prejudice. *Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 162 Mich. App. 750, 755-56, 413 N.W.2d 99, 101-02 (Mich. Ct. App. 1987). Plaintiff has failed to plead facts indicating that he was harmed as a result of the defective notice. Allegations of defective notice have routinely been held insufficient to set aside a foreclosure sale where the borrower has not tendered payment to redeem the property. *See Worthy v. World Wide Fin. Servs.*, 347 F. Supp. 2d 502, 510-11 (E.D. Mich. 2004); *Sweet Air Inv. v. Kenney*, 275 Mich. App. 492, 502-03, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007). The Court therefore concludes that Count II must be dismissed.

**D. Negligence / Intentional Tort Claims**

In Counts III and IV, Plaintiff asserts that Defendant's conduct in servicing his loan was negligent and grossly negligent. These counts include no supporting facts, and it is clear that merely reciting the elements of a cause of action will not suffice to plead a claim for relief. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Plaintiff clarifies in his response brief that his claims are based on: (1) Defendant's representations that loan modification efforts were ongoing; and (2) Defendant's subsequent refusal to modify his loan. Pl.'s Br. 8. A lender has no duty to modify a borrower's loan under the HAMP program. *Hart*, 735

F. Supp. 2d at 747-48; *Houston v. U.S. Bank Home Mortg. Wis. Serv.*, No. 10-13780, 2011 U.S. Dist. LEXIS 46878, at *16-18 (E.D. Mich. May 2, 2011); *Ahmad v. Wells Fargo Bank, N.A.*, No. 11-15204, 2012 U.S. Dist. LEXIS 36300, at *17-24 (E.D. Mich. Feb. 27, 2012) (citing cases). Thus, Plaintiff cannot assert a plausible claim of negligence for breach of this alleged duty.

**E. Declaratory Relief and Injunction**

Count V requests declaratory and injunctive relief based on the allegations set forth in Counts I through IV. *See* Compl. ¶ 57-58. The Court has concluded, however, that Counts I through IV fail to state plausible claims for relief. There is no basis for granting the declaratory and injunctive relief sought by Plaintiff.

The Court also notes that to the extent that Plaintiff seeks to set aside the foreclosure sale or the sheriff's deed, his request is barred by the expiration of the redemption period. Under Michigan law, once the redemption period has expired, the former owner's rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (Mich. 1942). At that point, the former owner loses standing to assert claims with respect to the property. *Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 Mich. App. LEXIS 1209, at *3 (Mich. Ct. App. May 28, 2009). At oral argument, Plaintiff suggested that this lawsuit might toll the redemption period, but the Michigan Court of Appeals rejected this argument in *Overton*, holding that the filing of a suit before the redemption period expired was "insufficient" to justify tolling. *Id.* The Court therefore concludes that Count V must be dismissed.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:

Larry R. Polk, Esq.  
Joseph H. Hickey, Esq.  
Laura C. Baucus, Esq.  
Lauren Philips, Esq.